IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| John F. Novak, et al., | : | Case No. 2:10-cv-00768 |
| Plaintiffs, | : | Judge Marbley |
| v. | : | Magistrate Judge Kemp |
| John O. Farneman, et al., | : | |
| Defendants. | : | |

### STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following Stipulated Protective Order:

1. This Protective Order shall apply to all information, documents, and things subject to discovery in this action ("Discovery Material") that contain proprietary, confidential, or commercially sensitive information, as well as pleadings, testimony and other information, documents, and things designated CONFIDENTIAL or HIGHLY CONFIDENTIAL. This Protective Order shall not bar any attorney working on this case from rendering advice to his or her client based upon an examination of CONFIDENTIAL or HIGHLY CONFIDENTIAL material, provided that the attorney does not disclose the specific contents or substance of the CONFIDENTIAL or HIGHLY CONFIDENTIAL material unless otherwise permitted by the terms of this Protective Order. As used herein, "Producing Party" shall refer to any person, including the parties to this action and non-parties, who disclose or produce any Discovery Material in this action. "Receiving Party" shall refer to the parties to this action who receive Discovery Material from a Producing Party.

2. Any party to this action, and any non-party from whom discovery is sought in connection with this action, that produces or discloses Discovery Material, may designate the Discovery Material as: (a) CONFIDENTIAL; or (b) HIGHLY CONFIDENTIAL, and subject to this Protective Order, if the Discovery Material contains confidential, proprietary or commercially sensitive information, market-sensitive information, or trade secrets.

3. Any confidential or highly confidential information not reduced to documentary, tangible or physical form or which cannot conveniently be designated in the manner set forth in paragraph 2 above shall be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by the Producing Party by informing the Receiving Party in writing that the information is confidential or highly confidential.

4. In the absence of written permission from the Producing Party, Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL:

  (a) Shall be protected from disclosure as specified herein, unless the Producing Party so states in writing, or a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected, or should be subject to an alternative designation; and

  (b) Shall be used only for purposes of this litigation.

5. The Producing Party may designate documents or other tangible Discovery Material by placing the following legend or similar legend on the document or thing: CONFIDENTIAL or HIGHLY CONFIDENTIAL:

  (a) Written discovery may be designated by placing the following legend on every page of the written material prior to production: CONFIDENTIAL or HIGHLY CONFIDENTIAL. In the event that original documents are produced for inspection, the Producing

Party may produce the documents on a temporary CONFIDENTIAL or HIGHLY CONFIDENTIAL basis so long as such documents are redesignated as necessary by placing the appropriate legend on the documents in the copying process.

(b)     Parties or testifying persons may designate portions of depositions and other testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL by indicating on the record at the time the testimony is given or by sending written notice that the testimony is designated within three (3) days of receipt of the transcript of the testimony. All information disclosed during a deposition shall be deemed HIGHLY CONFIDENTIAL until the time within which it may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL has passed.

6.     A Producing Party may designate Discovery Material as CONFIDENTIAL if it comprises or includes confidential, proprietary, or sensitive information. Discovery Material designated as CONFIDENTIAL may be disclosed to:

(a)     The attorneys, including in-house counsel, working on this action on behalf of any party, any paralegals and clerical employees of such attorneys, and any copying or other clerical litigation support services working at the direction of any of such attorneys, paralegals or clerical employees;

(b)     Any person not employed by or affiliated with a party who is specifically retained by any attorney described in paragraph 6(a) to assist in preparation of this action for trial as a consultant or testimonial expert, with disclosure only to the extent necessary to perform such work; provided, however, that such person has signed the acknowledgement form annexed hereto as **EXHIBIT A**, thereby agreeing to be bound by the terms of this Protective Order; and provided that no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 8(b), below;

(c) Not more than five employees of the Receiving Party who are directly involved in assisting counsel in preparation of this action; provided, however, that: (i) each employee has signed the acknowledgement form annexed hereto as **EXHIBIT A**, thereby agreeing to be bound by the terms of this Protective Order; and (ii) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 8(b), below;

(d) Court reporters, stenographers, and videographers retained to record testimony taken in this action;

(e) The Court, jury, and court personnel;

(f) Graphics, translation, design, or trial consulting services, including mock jurors, retained by a party; and

(g) Any other person with the prior written consent of the Producing Party.

7. Any CONFIDENTIAL Discovery Materials that a Producing Party believes are extremely confidential or sensitive in nature and should be given a higher level of protection from disclosure may be designated by the Producing Party at the time of disclosure as HIGHLY CONFIDENTIAL. The parties agree that at least Discovery Material in one or more of the following categories may qualify for the HIGHLY CONFIDENTIAL designation:

(i) non-public technical information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, software, including source code, and other non-public technical descriptions, and depictions of the relevant technology;

(ii) non-public damage-related information (e.g., the number of products sold, total dollar value of sales products, and profit margins);

(iii) customer lists;

(iv) business and marketing plans; and

(v) price lists and pricing information.

Discovery Material designated as HIGHLY CONFIDENTIAL may be disclosed only to:

 (a) The outside attorneys working on this action on behalf of any party, any paralegals, and clerical employees of such outside attorneys, and any copy or other clerical litigation support services working at the direction of any of such outside attorneys, paralegals, and clerical employees. As used herein, "outside attorneys" shall mean attorneys for the respective firms that have appearances entered in this case; provided, however, that Discovery Material categorized by the Defendants in this action to be HIGHLY CONFIDENTIAL under **paragraph 7(i)** shall be further designated by Defendants as HIGHLY CONFIDENTIAL – SUBJECT TO 09/10/2010 ORDER (Doc. 26) and may be disclosed only in accordance with the Court's September 10, 2010 Order (Doc. 26) and shall not be disclosed to Attorney Louis F. Wagner.

 (b) Any person not employed by a party who is expressly retained by any attorney described in paragraph 7(a) to assist in preparation of this action for trial as a consultant or testimonial expert, with disclosure only to the extent necessary to perform such work; provided, however, that such person has signed the acknowledgement form annexed hereto as **EXHIBIT A**, thereby agreeing to be bound by the terms of this Protective Order; and provided that no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 8(b), below;

 (c) Court reporters, stenographers, and videographers retained to record testimony taken in this action;

 (d) The Court, jury, and court personnel;

(e) Graphics, translation, design, or trial consulting services including mock jurors, retained by a party; and

(f) Any other person with the prior written consent of the Producing Party.

8. All persons receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material are enjoined from disclosing it to any person, except in conformance with this Protective Order. Each individual who receives any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Protective Order.

(a) Counsel who makes CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material available to persons set forth in Paragraphs 6 or 7, above, shall be responsible for limiting its distribution to those persons authorized under this Protective Order. All copies of such Discovery Material disclosed shall be subject to the same restrictions imposed on original materials. Any person having access to such Discovery Material pursuant to Paragraphs 6 or 7, above, whose participation in this litigation has been terminated or otherwise concluded, shall return all such Discovery Material as soon as practicably possible thereafter to the Receiving Party's counsel of record, but in no event longer than thirty (30) days after the termination or conclusion of the participation.

(b) Before counsel for a Receiving Party may disclose any Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to a person described in Paragraphs 6(b), (c) or (g), or Paragraphs 7(b) or (f) above, of this Protective Order:

(i) counsel shall provide a copy of this Protective Order to such person, who shall sign the acknowledgement form annexed hereto as EXHIBIT A; and

(ii) at least three (3) days before any such disclosure, counsel for the Receiving Party shall notify all counsel of record in writing of the intent to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material to such person. The notice shall include a copy of the acknowledgement form signed by the person and shall identify his or her title, job responsibilities, and affiliation(s) with the Receiving Party. If the person is a consultant or testimonial expert described in Paragraph 6(b) or 7(b), above, the notice shall also include a copy of such person's most recent curriculum vitae, which shall include an identification of all such person's past and present employment and consulting relationships for the past five years. If the Producing Party objects to a consultant or expert as described in Paragraph 6(b) or 7(b), above, that objection shall be in writing and shall have a good faith technical or legal basis;

(iii) if any party objects to the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material to such person, the party shall notify counsel for the Receiving Party in writing of the party's objection(s) to such disclosure prior to the date on which the disclosure is intended to be made. Should the party intending to make the disclosure disagree with the basis for the objection(s), the parties must first attempt to resolve the objection(s) informally. If the informal efforts do not resolve the dispute within three (3) days, the party intending to disclose may file a motion requesting that the

objection(s) be quashed after that three (3) day period has passed. The Producing Party shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency *vel non* of the objection(s). Pending a ruling by the Court upon any such objection(s), the Discovery Material shall not be disclosed to the person objected to by the objecting party.

    (c)    Counsel disclosing any Discovery Materials to a person required to execute a copy of the acknowledgement form annexed as **EXHIBIT A** shall maintain the original(s) of such form(s).

9. To the extent that any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material is used in the taking of a deposition, all such Discovery Material shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material. If CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material is used in any deposition, the reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event that the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially as set forth below:

> This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties.

10. The parties agree to be bound by the terms of this Protective Order with respect to any third party that produces confidential Discovery Material in this lawsuit under this Protective Order. A party that seeks confidential Discovery Material from a third party shall provide a copy of

this Protective Order to the third party upon request so that the third party may take advantage of the protections afforded by this Protective Order.

11. The recipients of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material provided under this Protective Order and all material that derives therefrom shall maintain such materials in a safe and secure area, and all reasonable precautions shall be taken with respect to the storage, custody, use, and dissemination of such materials. Any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material that is copied, reproduced, summarized, or abstracted shall be subject to the terms of this Protective Order.

12. Any party seeking to file CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material with the Court shall fully comply with Rule 79.3 of the Local Rules of the United States Court for the Southern District of Ohio and any corresponding Order entered in this case.

13. None of the provisions of this Protective Order shall apply to the following categories of information, documents and things, and any party may apply to the Court to remove the restrictions set forth herein on Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL based upon a showing made to the Court that such Discovery Material had been:

   (a) available to the public at the time of its production hereunder as evidenced by written records;

   (b) available to the public after the time of its production as evidenced by written records through no unauthorized act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

(c) known to the Receiving Party or shown to have been independently developed by the Receiving Party as evidenced by written records prior to its production herein or without use or benefit of the information;

(d) obtained outside of this action by the Receiving Party from the Producing Party without having been designated in writing as CONFIDENTIAL or HIGHLY CONFIDENTIAL, as evidenced by written records, provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

(e) obtained by the Receiving Party after the time of disclosure hereunder from a non-party having the right to disclose the same as evidenced by written records or the absence of written records.

Disputes regarding this paragraph 13 shall be resolved according to paragraph 18 of this Protective Order.

14. The inadvertent production of Discovery Material subject to the attorney-client privilege or the attorney work-product privilege will not waive the attorney client privilege or the attorney work-product privilege. Upon a request from a party that has inadvertently produced Discovery Material which it believes should be subject to the attorney-client or attorney work-product privilege, each party receiving said Discovery Material shall immediately return it and all copies to the Producing Party. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

15. The inadvertent failure by a Producing Party to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not waive any such designation provided

that the Producing Party notifies all Receiving Parties that such Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL within ten (10) days from when the failure to designate first became known to the Producing Party. A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Protective Order.

16. In the event of a disclosure of any Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to a person or persons not authorized to receive such disclosure under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for the party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and use thereof is made.

17. Not later than thirty (30) days after the final disposition of this litigation, each party shall return all CONFIDENTIAL and HIGHLY CONFIDENTIAL Discovery Material of a Producing Party to the respective outside counsel of the Producing Party; or, in the alternative, the party may destroy such Discovery Material. All parties that have received any such Discovery Material shall certify in writing that all such CONFIDENTIAL and HIGHLY CONFIDENTIAL Discovery Material has been returned or destroyed. Notwithstanding the provisions for return or destruction of Discovery Material, outside counsel may retain pleadings, attorney and consultant work product, deposition transcripts and exhibits containing CONFIDENTIAL and HIGHLY

CONFIDENTIAL Discovery Material, as well as one copy of each item of CONFIDENTIAL and HIGHLY CONFIDENTIAL Discovery Material for archival purposes.

18. Any party may object in writing to any designation of Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL by specifying the Discovery Material to which the objection is addressed and the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(a) The objecting party shall have the burden of conferring either in person, in writing or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The designating party shall have the burden of justifying the disputed designation;

(b) Failing agreement, the objecting party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.

Notwithstanding any challenge to a designation, the Discovery Material in question designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall continue to be treated as such under this Protective Order until one of the following occurs: (a) the party who designated the Discovery Material in question as CONFIDENTIAL or HIGHLY CONFIDENTIAL withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

19. A Producing Party may redact any material irrelevant to the subject matter involved in this action, or subject to attorney-client privilege or work-product immunity, and may produce documents for inspection either in redacted or unredacted form. If a copy of any inspected document is requested, one copy may be redacted prior to furnishing it to the requesting counsel

notwithstanding inspection of such documents in unredacted form. The deletion of all material redacted shall be clearly indicated by visibly marking the document with the word "REDACTED" or with a heavy, solid black line where material has been deleted. If documents produced for inspection or copying are redacted on the ground of relevance or as not falling within the terms of a discovery request in this litigation, then (to the extent such redaction is not based on attorney-client privilege or work-product immunity) outside litigation counsel for the Receiving Party shall have the right, upon reasonable notice, to inspect (but not copy) the original unredacted documents solely for the purpose of determining whether to challenge the propriety of redaction. Counsel for the Receiving Party may identify to counsel for the Producing Party those portions of the documents which the Receiving Party contends should be produced in unredacted form and shall state the basis for his or her contention. In the event the Producing Party continues to refuse to produce complete and unredacted documents, counsel for the Receiving Party may seek a determination by the Court that all or part of redacted portions are relevant, are not privileged, and should be produced.

20.     This Protective Order is entered without prejudice to the right of any party to seek further or additional protection of Discovery Material for which the protection of this Protective Order is not believed by such party to be adequate. Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter not be produced at all.

21.     If at any time Discovery Material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such Discovery Material and to its counsel, and shall provide each such party with an opportunity to object to the production of confidential materials. If a Producing Party does not move for a protective order or a motion to

quash, as appropriate, within seven (7) days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such Discovery Material in response thereto.

22. Nothing in this Protective Order shall preclude any party to this lawsuit or its attorneys: (a) from showing Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to an individual who either prepared the Discovery Material or reviewed it prior to the filing of this action; or (b) from disclosing or using, in any manner or for any purpose, its own Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Notwithstanding any designation of Discovery Material by a Producing Party under this Order, any witness may be shown at a deposition, and examined on, any Discovery Material that the witness authored or previously received. The witness may also be shown at a deposition, and examined on, any Discovery Material for which specific documentary or testimonial evidence indicates (i) that the Discovery Material was communicated to or from the witness; or (ii) that the witness was involved in the specific matter(s) addressed in the Discovery Material, or if the Producing Party of the Discovery Material agrees.

23. The parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter. The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Protective Order.

24. This Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

25. Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is

privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

IT IS SO ORDERED.

_____
United States District Court Judge

AGREED:

_____
John F. Marsh (0065945)
F. Allen Boseman, Jr. (0084103)
Hahn Loeser & Parks LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215
Telephone: 614-233-5102
Facsimile: 614-221-5909
Email: jmarsh@hahnlaw.com
       aboseman@hahnlaw.com

and

Louis F. Wagner (0010768)
Hahn Loeser & Parks LLP
One GOJO Plaza
Akron, Ohio 44311-1076
Telephone: 330-864-5550
Facsimile: 330-864-7986
Email: lwagner@hahnlaw.com

*Attorneys for Plaintiffs John F. Novak,
EnviroWave Energy, LLC and EnviroWave Corp.*

And

_____
Michael L. Close (0008586)
Mark C. Melko (0069396)
Wiles Boyle Burkholder & Bringardner Co., LPA
300 Spruce Street, Floor One
Columbus, Ohio 43215

CLE - 3050289.1                    15

Telephone: (614) 221-5216
Facsimile: (614) 221-5692
Email: mclose@wileslaw.com
       mmelko@wileslaw.com

and

Benjamen E. Kern (0076218)
Law Office of Benjamen E. Kern, LLC
5327 Westpointe Plaza Drive, PMB 207
Columbus, Ohio 43228
Telephone: (614) 771-5595
Facsimile: (614) 878-2790
Email: bkern@kerniplaw.com

*Attorneys for Defendants John O. Farneman,
Keith Welch and Micro Recovery Solutions, LLC*